```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL V. CHRUPALYK              :         CIVIL ACTION
                                  :
          v.                      :
                                  :
STATE OF PENNSYLVANIA, et al.     :         NO. 05-4993
```

**M E M O R A N D U M**

HUTTON, J.                                        DECEMBER     , 2005

Plaintiff, an inmate, has filed a pro se 42 U.S.C. § 1983 civil rights complaint[1] against the Commonwealth of Pennsylvania, the Philadelphia Prison System, the City of Philadelphia, Warden Giorla of the Curran-Fromhold Correctional Facility, Commissioner Leon King of the Philadelphia Prison System, and Judge Woodskipper of the Philadelphia Court of Common Pleas. Plaintiff alleges that the defendants engaged in a conspiracy to deny his constitutional rights. He claims that he was denied bail and assigned to segregated housing at the Curran-Fromhold Correctional Facility, thereby depriving him of adequate access to showers, recreation, the law library, sufficient copies of legal materials, and religious rights. Plaintiff also alleges that his legal papers were lost or stolen in a deliberate attempt to impair his legal efforts. He asserts that he filed numerous institutional grievances with Warden Giorla and Commissioner

---

1. Although this complaint was filed under 42 U.S.C. § 1983, plaintiff also claims violations of his civil rights under 42 U.S.C. §§ 1985 and 1986. Plaintiff has also filed an amended complaint in which he states that he has been transferred from the Curran-Fromhold Correctional Facility to SCI-Graterford.

1

King, and filed motions with Judge Woodskipper, however, no action to remedy the alleged constitution violations was taken. Plaintiff informed the Court that he was confined at the Curran-Fromhold Correctional Facility at the time of the alleged violations, and is now in the custody of the Pennsylvania Department of Corrections at SCI-Graterford. As relief, he seeks damages.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted.

## I.   STANDARD OF REVIEW

28 U.S.C. § 1915A provides that the Court shall, in a civil action brought by a prisoner against a governmental officer or employee, dismiss the complaint or any portion thereof as soon as practicable after docketing if the complaint - "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## II.   DISCUSSION

### A.   Sovereign Immunity

Plaintiff's claim for damages against the Commonwealth of Pennsylvania must be dismissed because the Eleventh Amendment to the United States Constitution prohibits actions for damages against a state and its agencies in federal court unless the

state has waived its immunity.  U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").  There is no waiver of state immunity applicable to this case.  Moreover, the United States Supreme Court has held that "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

      **B.**    **Judicial Immunity**

With respect to plaintiff's claim for damages against Judge Woodskipper, the Supreme Court has held that judges are entitled to absolute immunity from claims for damages arising from actions taken in their judicial capacity.  Stump v. Sparkman, 435 U.S. 349 (1978).  Only if a judge acts in the "clear absence of jurisdiction" is that immunity forfeited.  Id. at 356.  Because nothing in this complaint suggests that Judge Woodskipper acted outside of his judicial capacity regarding any claims made by the plaintiff in this case, Judge Woodskipper is dismissed as a defendant.

      **C.**    **Conspiracy and Claims under 42 U.S.C. §§ 1985 and 1986**

Plaintiff alleges that the defendants' alleged conspiracy to deprive him of his civil rights creates a cause of action under §§ 1985 and 1986.  Plaintiff's § 1983 conspiracy claims against the defendants in this case are meritless and must be dismissed as legally frivolous because he makes no credible allegation of conspiracy.  Young v. Kann, 926 F.2d 1396, 1406 n.

16 (3d Cir. 1991) (conspiracy claims may be dismissed as legally frivolous when based on plaintiff's mere suspicion and speculation.)  Plaintiff offers nothing more that a bald claim of conspiracy that is unsupported by any facts or credible theory in this case.

    The Third Circuit Court of Appeals has held that "[i]t is well established that § 1985(3)[2] does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere."  <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 805 (3d Cir. 2001) (citing <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442 U.S. 366 (1979).[3]  Since plaintiff's § 1983 conspiracy claims are legally frivolous, it therefore follows that his § 1985 claim must also be dismissed.  <u>See</u> <u>Moles</u>, 2001 WL 1152984, at *4 (stating that plaintiff's inability to sustain a claim under § 1983 necessarily causes his § 1985 claim grounded in the same underlying action to fail as well).

    As for plaintiff's § 1986 claim, "[w]ithout a properly pled claim under § 1985, a plaintiff cannot bring a § 1986 claim."  <u>Toth v. Bristol Township</u>, 215 F.Supp.2d 595, 599 (E.D.

---

2.  Section 1985(3) provides that "an act in furtherance of the conspiracy" is a necessary element in a § 1985 claim.

3.  In limited circumstances, "the conspiracy provision of § 1985(3) provides a cause of action . . .," however, such circumstances are not present in the instant action.  <u>Brown</u>, 250 F.3d at 805.

Pa. 2002) (citing <u>Clark v. Clabaugh</u>, 20 F.3d 1290, 1295 (3d Cir. 1994)).  For the reasons previously stated, the Court has dismissed plaintiff's § 1985 claim, therefore, it follows that his § 1986 claim must also be dismissed since "transgressions of § 1986 by definition depend upon a preexisting violation of § 1985."  <u>Clark</u>, 20 F.3d at 1295 (quoting <u>Rogin v. Bensalem Township</u>, 616 F.2d 680, 696 (3d Cir. 1980)).

**III.     CONCLUSION**

Pursuant to 28 U.S.C. § 1915A, the Commonwealth of Pennsylvania and Judge Woodskipper are dismissed as defendants in this action.  Likewise, plaintiff's conspiracy claims and his claims under 42 U.S.C. §§ 1985 and 1986 are dismissed.  The balance of the complaint may proceed.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RUSSELL S. CHRUPALYK**          :          **CIVIL ACTION**
                                  :
    **v.**                        :
                                  :
**STATE OF PENNSYLVANIA, et al**.  :          **NO. 05-4993**

**O R D E R**

        AND NOW, this       day of December, 2005, upon consideration of plaintiff's complaint, amended complaint, and motion to proceed in forma pauperis, IT IS HEREBY ORDERED that:

        1.   Plaintiff is GRANTED leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

        2.   Pursuant to 28 U.S.C. § 1915A, the Commonwealth of Pennsylvania ("State of Pennsylvania") and Judge Woodskipper are DISMISSED as defendants.  Likewise, plaintiff's conspiracy claims and his claims under 42 U.S.C. §§ 1985 and 1986 are DISMISSED. The Clerk of Court shall AMEND the docket to strike the Commonwealth of Pennsylvania ("State of Pennsylvania") and Judge Woodskipper as defendants.  The Clerk of Court shall also docket plaintiff's amended complaint.

        3.   The complaint and amended complaint are to be filed and the summons is to issue.  Service of the summons, the complaint and the amended complaint is to be made upon the remaining defendants by the U.S. Marshals Service in the event that waiver of service is not effected under Fed.R.Civ.P. 4(d)(2).  The Clerk of Court shall also send a copy of the complaint and amended complaint to the attorney representing the

correctional institution where the claims are alleged to have arisen.  To effect waiver of service the Clerk of Court is specially appointed to serve written waiver requests on the remaining defendants.  The waiver of service requests shall be accompanied by a copy of the complaint and amended complaint and shall inform the remaining defendants of the consequences of compliance and of failure to comply with the requests.  The requests shall allow the remaining defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.  If a signed waiver is not returned within the time limit given, the Clerk of Court's office shall transmit the summons and a copy of the complaint and amended complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1), and a copy of this order is to be directed to all remaining parties.

    4.   All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting pro se).  Service may be by mail.  Proof that service has been made is provided by a certificate of service.  This certificate should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

      "I,    (name)    , do hereby certify
      that a true and correct copy of the

```
                    foregoing (name of pleading or other
                    paper) has been served upon (name(s)
                    of person(s) served) by placing the same
                    in the U.S. Mail, properly addressed,
                    this (date) day of   (month)   , (year).

                    _____
                              (Signature)"
```

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the Court.

      5.   Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and local rules are to be followed.  Plaintiff is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal of this action.

      6.   Plaintiff is **not** required to comply with Section 4:01 of the Civil Justice Expense and Delay Reduction Plan for the United States District Court for the Eastern District of Pennsylvania (the "Plan"), unless directed by further Order of the Court.

      7.   Plaintiff is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after

reasonable effort, are unable to resolve the dispute."  Plaintiff shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

      8.   No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

      9.   In the event the summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

      10.  The parties should notify the Clerk's Office when there is an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                             **BY THE COURT:**

                             **/S/ HERBERT J. HUTTON, J.**